UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROY MURPHY RUTLEDGE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.:  2:15-CV-0803-VEH-HGD |
| ) | |
| **STATE OF ALABAMA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on June 28, 2016, recommending that both of the defendants' motions for summary judgment be granted and that this action be dismissed with prejudice. (Doc. 51). The plaintiff filed objections to the report and recommendation on July 22, 2016.[1] (Doc. 52).

The plaintiff's objections focus on his claims for deliberate indifference to medical needs under the Eighth Amendment.[2] He asserts that both his claim for deliberate indifference against defendant Nurse Wood and official-capacity claim

---

[1] Although the plaintiff's objections were received outside the 14-day time frame for filing objections, the same are dated July 14, 2016, and thus the court considers the objections timely made.

[2] The plaintiff concedes his request for injunctive relief was properly dismissed. (Doc. 52 at 5).

against defendant Warden Thomas for interfering with his medical care should proceed.

As to Nurse Wood, the plaintiff states that "clearly a serious medical need was diagnosed or was so obvious that even a lay person would recognize the necessity for a doctor's attention . . . ." (Doc. 52 at 2). He claims that Nurse Wood's "response" to his injuries showed a complete disregard to a serious medical need and that his hand, arm, and back injuries went untreated.[3] (*Id.*, at 2-3). However, the evidence demonstrates that the plaintiff's back, arm, and knee injuries were documented in the plaintiff's medical records and treated. (*See e.g.,* doc. 17-7). Later x-rays of the plaintiff's arm found no fracture, dislocation, or swelling. (Doc. 35-1 at 5, 23). The stab wound to the plaintiff's back was documented, treated, checked daily, and later noted to be healed. (Doc. 17-7; doc. 35-1 at 3, 4, 10 and 12).

The plaintiff asserts he should have been hospitalized immediately for "critical medical care" to his "back, head and arm." (Doc. 52 at 4). To the extent the plaintiff is arguing that because he was not hospitalized any care he did receive was necessarily insufficient, such an argument fails. The plaintiff's mere belief that he

---

[3] No mention of a hand injury from this incident appears in any of the medical records or in any of the plaintiff's prior pleadings. Rather, he claimed he suffered from right eye complications, had surgery on his right knee, and still has a severed muscle in his right arm as a result of the attack. (Doc. 1 at 6; doc. 26 at 5-6).

required additional or different treatment is insufficient to establish a constitutional violation. *Hamm v. DeKalb Co.*, 774 F.2d 1567, 1575 (11th Cir. 1985). The plaintiff's allegations fall far short of demonstrating any defendant had a subjective knowledge of a risk of serious harm and disregarded that risk by conduct that was more than mere negligence. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). While the plaintiff's allegations may suggest negligence or even medical malpractice, "[a]ccidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'" *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Without showing that Nurse Woods disregarded a risk of which she was aware, the plaintiff has shown no more than negligence or carelessness. *Evans v. St. Lucie County Jail*, 448 F. App'x 971, 976 (11th Cir. 2011) (stating that even medical care which "leave[s] much to be desired . . . is not enough . . . to support a claim of unconstitutional conduct.").

    The plaintiff has failed to produce any evidence which lends credence to his claims. Rather, he bases his objection solely on his argument that "the care provided by establishment of the medical record shows the lack of medical care [so] that a reasonable jury could find [] a violation of the Eighth Amendment." (Doc. 52 at 5). Such an argument is no more than a conclusory allegation, devoid of specific facts.

Nothing in the evidence demonstrates "medical care [that] is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Adams v. Poag*, 61 F.3d 1537, 1544 (11th Cir. 1995) (*quoting Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). The plaintiff's mere allegation that he should have been hospitalized is "'a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams*, 61 F.3d at 1545 (*quoting Estelle*, 429 U.S. at 107).

The plaintiff also argues that the lack of treatment for specific injuries at Bibb Correctional Center is established by the MRI conducted after his transfer to Fountain Correctional Center. (Doc. 52 at 3-4). The MRI found a fracture in the plaintiff's knee. (Doc. 35-1 at 5, 32). It had no bearing on whether the plaintiff received treatment for hand, arm, and back injuries, as he now asserts. To the extent the plaintiff is claiming that a more immediate MRI could have found the internal damage to his knee sooner, the plaintiff has provided no evidence that the delay in receiving an MRI had any detrimental effect on his treatment. *Easley v. Dep't of Corr.*, 590 F. App'x 860, 869 (11th Cir. 2014) ("an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical

evidence in the record to establish the detrimental effect of delay in medical treatment to succeed.").

Finally, the plaintiff objects to the finding that sovereign immunity prevents the plaintiff's claims against defendant Thomas in his official capacity from proceeding. Specifically, he argues that "defendants waived the protected immunity when they knowingly acted in response to Mr. Rutledge['s] injuries contrary to the Magistrate contentions on page #11, last paragraph." (Doc. 52 at 6). The plaintiff offers no support for his contention that sovereign immunity is waivable through a state official's individual actions. Although the plaintiff cites *Saucier v. Katz*, 533 U.S. 194 (2001) in support of his argument, that case concerned qualified immunity, not sovereign immunity. Moreover, the plaintiff's complaint asserted claims against defendant Thomas for the failure to protect him from Mexican gang members and for policies which contributed to the prison being overcrowded and understaffed. As noted by the magistrate judge in the report and recommendation, the plaintiff did not allege Warden Thomas personally participated in any unconstitutional conduct and no causal connection between any policy of Thomas's and violation of the plaintiff's rights existed. (Doc. 51 at 19-22). The magistrate judge further considered whether the plaintiff could be stating a claim against Warden Thomas for deliberate indifference to medical needs and found any such claim failed. (*Id.*, at 29).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and plaintiff's objections thereto, the magistrate judge's report is **ADOPTED** and the recommendation is **ACCEPTED**. The court **EXPRESSLY FINDS** that there are no genuine issues of material fact and that the defendants are entitled to judgment in their favor as a matter of law. Accordingly, the court **ORDERS** that both of the defendants' motions for summary judgment (docs. 20 and 38) are due to be **GRANTED** and this action **DISMISSED WITH PREJUDICE**.

A final judgment will be entered.

**DONE** and **ORDERED** this 30th day of August, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge